

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,824-01

**EX PARTE SHANEA LYNN REEDER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 5427-A IN THE 31ST DISTRICT COURT
### FROM WHEELER COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty and was convicted of unlawful possession of a firearm by a felon and sentenced to five years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his conviction is illegal because the underlying offense used to show that he was a felon was not a final felony conviction. Applicant was serving a deferred adjudication supervision sentence at the time he allegedly possessed a firearm. He alleges that because his guilt had not been adjudicated, he was not a felon and therefore should have not been convicted of unlawful possession of a firearm by a felon.

Applicant has alleged facts that, if true, might entitle him to relief.  Accordingly, the record should be developed.  The trial court is the appropriate forum for findings of fact.  TEX. CODE CRIM. PROC. art. 11.07, § 3(d).  In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).  If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.  If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing.  *See* TEX. CODE CRIM. PROC. art. 26.04.  If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant had a different felony conviction which could have been used as the predicate offense for this felony conviction.  The trial court may make any other findings and conclusions that it deems  appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order.  The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 2, 2022
Do not publish